[Cite as *State v. Cooper-King*, 2026-Ohio-3018.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
STARK COUNTY, OHIO

STATE OF OHIO

Plaintiff-Appellee

--vs.--

ANTHONY COOPER-KING

Defendant-Appellant

Case No. 2026CA00033

Opinion And Judgment Entry

Appeal from the Stark County Court of
Common Pleas, Case No. 2023-CR-0212

Judgment:  Affirmed

Date of Judgment Entry: August 5, 2026

BEFORE:  Andrew J. King, William B. Hoffman, J. and Kevin W. Popham, Judges

APPEARANCES:  Kyle L. Stone, Prosecuting Attorney, Kameisha J. Johnson, Assistant Prosecutor, for Plaintiff-Appellee; Anthony Cooper-King, Pro Se, Defendant-Appellant

OPINION

*Popham, J.,*

{¶1}    Appellant Anthony Cooper-King appeals the February 2, 2026, judgment entry of the Stark County Court of Common Pleas denying his motion for leave to file a petition for postconviction relief. For the reasons below, we affirm.

*Facts & Procedural History*

{¶2}    Cooper-King was indicted on one count each of trafficking in heroin, possession of heroin, trafficking in a fentanyl-related compound, possession of a fentanyl-related compound, trafficking in cocaine, and possession of cocaine. Counts 2, 3, and 5 included forfeiture specifications.

{¶3} The matter proceeded to a jury trial. At the close of the State's case, the trial court dismissed Counts 3 and 5. The remaining counts were submitted to the jury, which found Cooper-King guilty of Count 2 (possession of heroin), Count 4 (possession of a fentanyl-related compound), and Count 6 (possession of cocaine), and not guilty of Count 1. The trial court sentenced Cooper-King to minimum consecutive sentences of six years on Count 2, eight years on Count 4, and 6 years on Count 6, for an aggregate sentence of twenty to twenty-four years in prison. The trial court also imposed a fine of $12,879 on Count 2 and $15,000 on Count 5, matching the total amount of cash confiscated from Cooper-King.

{¶4} Cooper-King filed a direct appeal, asserting ineffective assistance of trial counsel and judicial bias in sentencing. *State v. King*, 2024-Ohio-5469 (5th Dist.). Regarding ineffective assistance, he argued that trial counsel was deficient for (1) failing to call co-defendant Rasheid Gabriel, who allegedly who have testified that the drugs belonged to him, and (2) failing to present purportedly exculpatory evidence, including bank and tax records showing that the seized cash represented legitimate wages and dash-camera footage that allegedly contradicted testimony that Cooper-King fled back into the residence after seeing officers executing the search warrant. This Court overruled both assignments of error and affirmed his convictions and sentence.

{¶5} On August 6, 2025, Cooper-King filed a pro se motion for leave to file an untimely petition for postconviction relief, together with the proposed petition. The petition included the same documents referenced in his direct appeal, as well as affidavits from Rashied Gabriel, Cooper-King, and a family member. The State opposed the motion, and Cooper-King filed a reply.

{¶6} On November 20, 2025, the trial court denied the motion, finding the petition untimely because it was filed beyond the 365-day deadline established by R.C. 2953.21(A)(2)(a). The court concluded that Cooper-King failed to establish that he was unavoidably prevented from discovering the facts upon which his claims relied.

{¶7} Cooper-King appealed. In *State v. Cooper-King*, 2026-Ohio-1259 (5th Dist.), this Court held that the petition was untimely and that Cooper-King failed to demonstrate he was unavoidably prevented from discovering the underlying facts before the statutory filing deadline expired. Accordingly, we affirmed the trial court's judgment.

{¶8} Cooper-King filed a second request for leave to file a petition for postconviction relief on January 27, 2026. The trial court denied the motion on February 2, 2026.

{¶9} Cooper-King appeals the judgment of the Stark County Court of Common Pleas and assigns the following as error:

{¶10} "I. Appellant's constitutional rights of Due Process and Equal Protection of the Law, as guaranteed by the United States and Ohio Constitution, were violated and denied as a result of an abuse of discretion, in which the trial court denied appellant's petition for postconviction relief that was filed pursuant to R.C. 2953.23, not R.C. 2953.21."

{¶11} "II. Appellant's constitutional rights of Due Process and Equal Protection of the Law, as guaranteed by the United States and Ohio Constitutions, were violated and denied as the result of an abuse of discretion, in which the trial court denied appellant's petition for postconviction relief without the required findings of fact and conclusions of law."

# I.

## *Timeliness*

{¶12} The trial court properly treated Cooper-King's filing as an untimely petition for postconviction relief governed by R.C. 2953.21.

{¶13} Under R.C. 2953.21(A)(2), a petition for postconviction relief must be filed within 365 days after the trial transcript is filed in the court of appeals in the direct appeal from the judgment of conviction. If no appeal is taken, the petition must be filed within 365 days after the expiration of the time for filing an appeal.

{¶14} Here, the trial transcript in Cooper-King's direct appeal was filed on April 29, 2024. Accordingly, the statutory filing deadline expired on April 29, 2025. Cooper-King did not file the present motion until January 27, 2026, well after the statutory deadline. His petition was therefore untimely.

## *Jurisdiction Under R.C. 2953.23*

{¶15} Because Cooper-King filed his petition after the statutory deadline, the trial court lacked jurisdiction to consider it unless he satisfied one of the exceptions set forth in R.C. 2953.23(A). *State v. Parker*, 2019-Ohio-3848, ¶ 19.

{¶16} Under R.C. 2953.23(A)(1), a trial court may consider an untimely petition only if the petitioner demonstrates both: (a) that he was unavoidably prevented from discovering the facts upon which the claim relies, or that the United States Supreme Court has recognized a new federal or state right that applies retroactively to his situation; and (b) by clear and convincing evidence that, but for the alleged constitutional error at trial, no reasonable factfinder would have found him guilty.

**{¶17}** A petitioner's failure to satisfy these jurisdictional requirements deprives the trial court of jurisdiction to consider the petition. *State v. Apanovitch*, 2018-Ohio-4744, ¶ 36. Whether those requirements have been met presents a question of law that we review de novo. *Id.* at ¶ 24.

*Unavoidably Prevented from Discovering the Facts & Res Judicata*

**{¶18}** To invoke the "unavoidably prevented" exception, Cooper-King was required to demonstrate that his delay in discovering the facts supporting his claims was "incapable of being avoided or evaded." *State v. Johnson*, 2024-Ohio-134, ¶ 26. This requires more than simply asserting that the facts were not discovered. Rather, the petitioner must explain why those facts could not have been discovered through the exercise of reasonable diligence within the statutory filing period. *State v. Jones*, 2025-Ohio-5537, ¶ 6 (5th Dist.).

**{¶19}** This is Cooper-King's second attempt to file an untimely petition for postconviction relief. The doctrine of res judicata applies to successive petitions for postconviction relief. *State v. Godfrey*, 2014-Ohio-4720, ¶ 23 (5th Dist.). As this Court has explained, "[r]es judicata applies to bar raising piecemeal claims in successive postconviction relief petitions . . . that were or could have been raised, but were not, in the first postconviction relief petition." *State v. Johnson*, 2013-Ohio-1398, ¶ 47 (5th Dist.), quoting *State v. Kent*, 2003-Ohio-6156, ¶ 6. Likewise, res judicata bars a petitioner from merely "repackaging" evidence or claims that were or could have been raised on direct appeal or in the initial postconviction petition. *State v. Lewis*, 2025-Ohio-730, ¶ 38 (5th Dist.).

**{¶20}** As he did in his first postconviction petition and the appeal from its denial, Cooper-King argues that he was unavoidably prevented from discovering bank records documenting the source of the seized cash, dash-camera footage allegedly contradicting the

officers' testimony, and an affidavit from Rasheid Gabriel admitting ownership of the drugs. Those same arguments were raised and rejected in the prior postconviction proceedings. Accordingly, they are barred by res judicata. His present motion merely repackages arguments previously considered by this Court.

{¶21} Moreover, with one exception, the affidavits and supporting documents attached to the present petition are identical to those submitted with his first petition. Consequently, any arguments based on those materials were resolved in *State v. Cooper-King*, 2026-Ohio-1258, and are likewise barred by res judicata.

*Affidavit of Donna Montgomery*

{¶22} The only new affidavit submitted with the present petition is the affidavit of Cooper-King's mother, Donna Montgomery, dated December 30, 2025. Montgomery averred that Cooper-King's cell phone was in police custody at the time of trial and contained information he wished to present on his defense. She further stated that she only "recently," while deleting old text messages from her own phone, discovered messages previously sent to her by Cooper-King. She averred that she "was not aware" she had retained those messages at the time of trial.

{¶23} This affidavit does not satisfy the "unavoidably prevented" requirement. Cooper-King was convicted in 2023, and the trial transcript was filed with this Court in April of 2024. Both Montgomery and Cooper-King had the entire 365-day statutory filing period to review Montgomery's cell phone. The affidavit offers no explanation why a reasonably diligent search could not have uncovered the text messages within that period. Nor does it identify any circumstance demonstrating that Montgomery was unavoidably prevented from discovering them sooner.

{¶24} Simply stating that she was "unaware" the messages remained on her phone is insufficient. "There is a meaningful difference between being unaware of information and being unavoidably prevented from obtaining information." *State v. Brown*, 2024-Ohio-792, ¶ 9 (11th Dist.). Although Montgomery and/or Cooper-King may have been unaware the messages remained on her phone, it does not follow that either Montgomery or Cooper-King was unavoidably prevented from discovering this evidence, through the exercise of reasonable diligence, within the 365-day statutory time frame. *Id.*

{¶25} Cooper-King similarly argues that because police retained his cell phone while he remained incarcerated, he could not obtain - for trial - the text messages he sent to Montgomery. That argument is likewise unpersuasive. The cell phone was admitted as an exhibit at trial. Thus, Cooper-King had the opportunity to obtain the information during the proceedings. Moreover, the mere fact that he remained incarcerated does not excuse his failure to comply with the statutory filing requirements. *State v. Mitchell*, 2021-Ohio-4386 (4th Dist.).

*Ineffective Assistance of Counsel During Postconviction Proceedings*

{¶26} In both his motion and appellate brief, Cooper-King again argues that his appellate counsel's failure to timely file a petition for postconviction relief constituted ineffective assistance of counsel and excuses his untimely filing.

{¶27} This is the same argument Cooper-King advanced in his first postconviction petition and subsequent appeal. In rejecting that claim, we held, "Cooper-King cannot excuse his failure to comply with R.C. 2953.23(A) by asserting that his retained counsel failed to timely file a petition for postconviction relief. Because Cooper-King had no constitutional right to counsel in the postconviction process, he cannot establish ineffective assistance of

counsel based on counsel's alleged omission." *State v. Cooper-King*, 2026-Ohio-1259, ¶ 34 (5th Dist.).

{¶28} Accordingly, this argument is likewise barred by res judicata.

II.

{¶29} Because Cooper-King's petition was untimely, the trial court was not required to issue findings of fact and conclusions of law. *State v. Robinson*, 2022-Ohio-3566 (5th Dist.). "If a petition for postconviction relief is untimely, the trial court [has] no clear duty to issue findings of fact or conclusions of law." *Dillon v. Cottrill*, 2015-Ohio-1785 (5th Dist.). Cooper-King's second assignment of error is overruled.

{¶30} Because Cooper-King failed to satisfy the jurisdictional requirements of R.C. 2953.23(A), the trial court lacked authority to consider his untimely petition for postconviction relief. The trial court therefore properly denied Cooper-King's motion for leave to file an untimely petition for postconviction relief. Cooper-King's assignments of error are overruled. The judgment of the Stark County Court of Common Pleas is affirmed.

{¶31} For the reasons stated in our Opinion, the judgment of the Stark County Court of Common Pleas is affirmed.

{¶32} Costs to appellant Anthony Cooper-King.


By: Popham, J.

King, P.J. and

Hoffman, J., concur